## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **ALYSSA HANSON, on behalf of herself and all others similarly situated,** | ) ) | |
| | ) | **Civil Action File No.** |
| **Plaintiff,** | ) | **1:14-CV-01096-AT** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TROP, INC. d/b/a PINK PONY ATLANTA,** | ) ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ANSWER AND DEFENSES OF TROP, INC.

COMES NOW TROP, INC., Defendant in the above-styled civil action, and timely files its Answer and Defenses in response to Plaintiff's First Amended Collective Action Complaint, showing this Honorable Court as follows:

## FIRST DEFENSE

The First Amended Collective Action Complaint fails to state a claim against Defendant for which relief can be granted.

## SECOND DEFENSE

At all relevant times, Plaintiff earned more than the federal minimum wage for each hour she worked.

## THIRD DEFENSE

Plaintiff's claims for overtime wages are barred to the extent she did not work more than 40 hours in any given workweek.

## FOURTH DEFENSE

Plaintiff's claims are barred to the extent she has signed a binding arbitration agreement with Defendant.

## FIFTH DEFENSE

Plaintiff's claims are barred because at all relevant times she was an independent contractor of Defendant, not an employee, and therefore, she is not entitled to the minimum wage and overtime benefits/protections afforded by the Fair Labor Standards Act.

## SIXTH DEFENSE

Plaintiff's claims are barred because she was an artistic/creative professional exempt from the payment of the minimum wage and/or overtime wages.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of payment.

## EIGHTH DEFENSE

Plaintiff was not Defendant's "employee" as defined by the Fair Labor Standards Act.

## NINTH DEFENSE

Plaintiff's claims are barred because Defendant was not Plaintiff's "employer" as defined by the Fair Labor Standards Act.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## ELEVENTH DEFENSE

Defendant's actions were not governed by the Fair Labor Standards Act.

## TWELFTH DEFENSE

Plaintiff cannot establish that any act or omission on the part of the Defendant was willful under the Fair Labor Standards Act.

## THIRTEENTH DEFENSE

Plaintiff's class and collective action claims are barred to the extent they seek to assert or recover for claims on behalf of individuals who are not sufficiently similarly-situated to her and/or whose claims for damages are highly individualized.

## FOURTEENTH DEFENSE

Plaintiffs' collective action claims are barred to the extent that there is a prior pending action seeking FLSA class action recovery.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred because Defendant is not subject to the requirements or obligations of the Fair Labor Standards Act.

## SIXTEENTH DEFENSE

At all relevant times, this Defendant complied with the applicable requirements of the Fair Labor Standards Act and the regulations promulgated thereunder.

## SEVENTEENTH DEFENSE

Plaintiff's FLSA claims are barred against Defendant because she is not an employee who is engaged in commerce or in the production of goods for commerce.

## EIGHTEENTH DEFENSE

All or part of the time for which Plaintiffs seek compensation does not constitute compensable work time under the Fair Labor Standards Act and the regulations promulgated thereunder.

## NINETEENTH DEFENSE

To the extent Defendant has liability to Plaintiff, it is entitled to certain credits or set-offs from certain house-set service fees which belonged to Defendant, but which Plaintiff was permitted to keep.

## TWENTIETH DEFENSE

Defendant's actions have been in good faith and based upon reasonable grounds for believing that such actions were not in violation of the FLSA, within the meaning of 29 U.S.C. § 260. Thus, even if Defendant is found to have violated the FLSA, Plaintiff is not entitled to liquidated damages under the FLSA.

## TWENTY-FIRST DEFENSE

All or part of the time for which Plaintiff seeks compensation does not constitute compensable work time under the Fair Labor Standards Act and the regulations promulgated thereunder.

## TWENTY-SECOND DEFENSE

To the extent it is judicially determined that Plaintiff(s) was an employee of Defendant (which Defendant denies), Plaintiff's claims are barred by provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours they claim to have worked where she engaged in activities which were preliminary and postliminary to her principal activities.

## TWENTY-THIRD DEFENSE

Even if Defendant is found to have violated the FLSA, any such violation(s) is inherently individualized, and requires analysis of the earnings of each Plaintiff.  For this reason, Plaintiff's claims cannot be decided collectively.

## <u>TWENTY-FOURTH DEFENSE</u>

Responding to the specifically-numbered paragraphs of the First Amended Collective Action Complaint, Defendant shows as follows:

## <u>INTRODUCTION</u>

1.      Responding to the allegations in Paragraph 1 of the First Amended Collective Action Complaint, Defendant shows that this paragraph contains legal conclusions rather than allegations of fact, and therefore, no response of Defendant is required.  To the extent a response is required, Defendant admits only that covered employees, unless otherwise exempt, must be paid overtime compensation for hours worked in excess of 40 hours in a given workweek and that non-exempt employees are entitled to be paid no less per hour than the federal minimum wage, but Defendant denies that Plaintiff was a covered employee, denies she was an employee of Defendant, and deny she was non-exempt. Defendant denies the remaining allegations in Paragraph 1 of the First Amended Collective Action Complaint.

2.      Defendant denies the allegations in Paragraph 2 of the First Amended Collective Action Complaint.

3.      Defendant denies the allegations in Paragraph 3 of the First Amended Collective Action Complaint.

4.      Defendant denies the allegations in Paragraph 4 of the First Amended Collective Action Complaint.

5.      Defendant denies the allegations in Paragraph 5 of the First Amended Collective Action Complaint.

6.      Responding to Paragraph 6 of the First Amended Collective Action Complaint, Defendant admits only that Pink Pony Atlanta is located at 1837 Corporate Boulevard, Atlanta, GA.  Defendant denies the remaining allegations contained in Paragraph 6 of the First Amended Collective Action Complaint.

7.      Responding to the allegations in Paragraph 7 of the First Amended Collective Action Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained therein, with the result that the allegations are denied.

8.      Responding to the allegations in Paragraph 8 of the First Collective Action Complaint, Defendant denies that it routinely denies dancers basic protections accorded them under federal law.  Defendant further denies that it "regularly deprives dancers of their rights under federal law."  Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 8 of the First Amended Collective Action Complaint, with the result that the allegations are denied.

## SUMMARY OF CLAIMS

9.      Responding to the allegations in Paragraph 9 of the First Amended Collective Action Complaint, Defendant admits only that Plaintiff appears to bring this civil action as a putative collective action to recover alleged unpaid minimum wages under the Fair Labor Standards Act.   Defendant denies the remaining allegations in Paragraph 9 of the First Amended Collective Action Complaint.

10.      Responding to Paragraph 10 of the First Amended Collective Action Complaint, Defendant admits only that Plaintiff appears to want to assert a putative collective action on behalf of herself and other similarly-situated individuals who performed at Pink Pony Atlanta for a certain period of time.   Defendant denies the remaining allegations of Paragraph 10 of the First Amended Collective Action Complaint, and specifically denies that Plaintiff is entitled to collective action certification under Section 216(b) of the Fair Labor Standards Act.

11.      Responding to Paragraph 11 of the First Amended Collective Action Complaint, Defendant admits only that Plaintiff (and the putative class members she seeks to represent) allege that she is entitled to various forms of relief under the FLSA.  Defendant denies that Plaintiff is entitled to the relief requested, and denies the remaining allegations in Paragraph 11 of the First Amended Collective Action Complaint.

## PARTIES

12.     Responding to the allegations in Paragraph 12 of the First Amended Collective Action Complaint, Defendant admits only that Plaintiff, at all relevant times, was classified as an independent contractor for the period of time she worked as a dancer at Pink Pony Atlanta.   Defendant denies Plaintiff was improperly classified, and further denies that it failed to compensate Plaintiff properly for all hours worked.   Defendant denies the remaining allegations contained in Paragraph 12 of the First Amended Collective Action Complaint.

13.     Responding to the allegations in Paragraph 13 of the First Amended Collective Action Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained therein, with the result that the allegations are denied.

14.     Responding to the allegations in Paragraph 14 of the First Amended Collective Action Complaint, Defendant admits only that it operates a night club located at 1837 Corporate Boulevard, Atlanta, Georgia under the name Pink Pony Atlanta.  Defendant denies the remaining allegations in Paragraph 14 of the First Amended Collective Action Complaint.

15.     Responding to the allegations in Paragraph 15 of the First Amended Collective Action Complaint, Defendant admits only that Plaintiff has performed at the Pink Pony Atlanta as an entertainer and that its annual gross volume of sales

made or business done was not less than $500,000. Defendant denies the remaining allegations in Paragraph 15 of the First Amended Collective Action Complaint.

16.    Defendant admits only it transacts business within the State of Georgia and within this judicial district. Defendant denies the remaining allegations in Paragraph 16 of the First Amended Collective Action Complaint.

## JURISDICTION AND VENUE

17.    Defendant admits the allegations in Paragraph 17 of the First Amended Collective Action Complaint.

18.    Defendant admits the allegations in Paragraph 18 of the First Amended Collective Action Complaint.

19.    The allegation in Paragraph 19 of the First Amended Collective Action Complaint set forth a legal conclusion rather than facts, and therefore does not require a response admitting or denying it.

## FACTUAL ALLEGATIONS

20.    The allegation in Paragraph 20 of the First Amended Collective Action Complaint set forth a legal conclusion rather than facts, and therefore does not require a response admitting or denying it. To the extent a response to the allegation in Paragraph 20 is required, it is denied.

21.    Defendant admits only it classifies dancers who perform for it as independent contractors.  Defendant denies the remaining allegations in Paragraph 21 of the First Amended Collective Action Complaint.

22.    Defendant admits only that Plaintiff performed at Defendant's business location at 1837 Corporate Boulevard, Atlanta, Georgia.  Defendant denies the remaining allegations in Paragraph 22 of the First Amended Collective Action Complaint.

23.    Defendant admits only that it operates Pink Pony Atlanta.  Defendant denies the remaining allegations in Paragraph 23 of the First Amended Collective Action Complaint.

24.    The allegation in Paragraph 24 of the First Amended Collective Action Complaint set forth a legal conclusion rather than facts, and therefore does not require a response admitting or denying it.  To the extent a response to the allegation in Paragraph 24 is required, it is denied.

## **Hiring, Firing and Scheduling**

25.    Defendant admits the allegations of Paragraph 25 of the First Amended Collective Action Complaint.

26.    Defendant denies the allegations of Paragraph 26 of the First Amended Collective Action Complaint.

27.     Defendant admits the allegations of Paragraph 27 of the First Amended Collective Action Complaint.

28.     Defendant denies the allegations of Paragraph 28 of the First Amended Collective Action Complaint.

## House Fees & Fines

29.     Defendant admits only that it classifies the dancers who perform for it as independent contractors and that it requires dancers to pay a house fee to perform at Pink Pony Atlanta.  Defendant denies the remaining allegations in Paragraph 29 of the First Amended Collective Action Complaint.

30.     Defendant admits only that it requires dancers to pay a house fee to perform at Pink Pony Atlanta.  Defendant denies the remaining allegations in Paragraph 30 of the First Amended Collective Action Complaint.

31.     Defendant admits only that its house fees for dancers vary, but generally start at approximately $30 per shift, of which, $5 is paid to the House Mom.  Defendant denies the remaining allegations in Paragraph 31 of the First Amended Collective Action Complaint.

32.     Defendant denies the allegations in Paragraph 32 of the First Amended Collective Action Complaint.

33.     Defendant denies the allegations in Paragraph 33 of the First Amended Collective Action Complaint.

34.     Defendant denies the allegations in Paragraph 34 of the First Amended Collective Action Complaint.

35.     Defendant denies the allegations in Paragraph 35 of the First Amended Collective Action Complaint.

## Tip Retention & Mandatory Tip Outs

36.     The allegation in Paragraph 36 of the First Amended Collective Action Complaint set forth a legal conclusion rather than facts, and therefore does not require a response admitting or denying it.  To the extent a response to the allegation in Paragraph 36 is required, it is denied.

37.     Defendant denies the allegations in Paragraph 37 of the First Amended Collective Action Complaint.

38.     Defendant admits only that it establishes the base price which customers pay to dancers for table-side dances and private room dances. Defendant denies the remaining allegations in Paragraph 38 of the First Amended Collective Action Complaint.

39.     Defendant admits only that it establishes the base price which customers pay to dancers for table-side dances ($10) and private room dances ($150 for 30 minutes; $300 for 60 minutes), plus a fee for use of the VIP room. Defendant denies the remaining allegations in Paragraph 39 of the First Amended Collective Action Complaint.

40.    Defendant denies the allegations in Paragraph 40 of the First Amended Collective Action Complaint.

41.    Defendant admits only that dancers are expected to tip the disc jockey a minimum of $10 or 10 percent of their earnings per shift, whichever is greater. Defendant denies the remaining allegations in Paragraph 41 of the First Amended Collective Action Complaint.

42.    Defendant denies the allegations in Paragraph 42 of the First Amended Collective Action Complaint.

43.    Defendant admits only that dancers are expected to tip the disc jockey a minimum of $10 or 10 percent of their earnings per shift, whichever is higher.   Defendant denies the remaining allegations in Paragraph 43 of the Collective Action Complaint.

44.    Defendant denies the allegations in Paragraph 44 of the First Amended Collective Action Complaint.

45.    Defendant denies the allegations in Paragraph 45 of the First Amended Collective Action Complaint.

## **Additional Control**

46.    Defendant admits only it encourages its dancers to wear attractive and enticing costumes, and that it does not pay to launder or maintain dancers'

costumes.  Defendant denies the remaining allegations in Paragraph 46 of the First Amended Collective Action Complaint.

47.    Defendant admits only that dancers are not typically allowed to select their own music, but are permitted to make requests of the disc jockey. Defendant denies the remaining allegations contained in the First Amended Collective Action Complaint.

48.    Defendant denies the allegations in Paragraph 48 of the First Amended Collective Action Complaint.

49.    Defendant admits that dancers must accept vouchers (G-Bucks) as a form of payment from customers, which customers can purchase from the Club for a fee.  Defendant further admits that it charges dancers a fee to exchange G-Bucks into U.S. currency.  Defendant denies the remaining allegations in Paragraph 49 of the First Amended Collective Action Complaint.

50.    Defendant denies that it profits at the expense of dancers by selling vouchers to customers at a premium.  Defendant denies the remaining allegations in Paragraph 50 of the First Amended Collective Action Complaint.

51.    Defendant denies the allegations in Paragraph 51 of the First Amended Collective Action Complaint.

52.    Defendant admits only that dancers are required to check-out at the end of their shifts, part of which includes submitting to a Breathalyzer test to

ensure the dancer does not drive under the influence of alcohol, and tipping the disc jockey.  Defendant denies the remaining allegations in Paragraph 52 of the First Amended Collective Action Complaint.

53.   Defendant admits only that dancers must participate in the "Review," that dancers must accept G-Bucks from customers and are charged a fee to exchange them into U.S. currency.  Defendant further admits that they must charge a fixed amount for certain types of dances, and that dancers must check-out at the conclusion of each shift.  Defendant denies the remaining allegations in Paragraph 53 of the First Amended Collective Action Complaint.

54.   Defendant admits only that it discourages dancers from leaving the stage prior to the natural conclusion of the dancer's stage rotation and that it discourages its dancers from wearing denim.  Defendant denies the remaining allegations in Paragraph 54 of the First Amended Collective Action Complaint.

55.   Defendant denies the allegation in Paragraph 55 of the First Amended Collective Action Complaint.

56.   Defendant denies the allegation in Paragraph 56 of the First Amended Collective Action Complaint.

57.   Defendant denies the allegation in Paragraph 57 of the First Amended Collective Action Complaint.

58.     Defendant lacks information or knowledge sufficient to form a belief as to the truthfulness of the allegations in the first sentence in Paragraph 58 of the First Amended Collective Action Complaint, and the allegations are therefore denied.  As for the remaining allegations in Paragraph 58 of the First Amended Collective Action Complaint, they set forth a legal conclusion rather than facts, and therefore does not require a response admitting or denying it.  To the extent a response to the allegation in Paragraph 58 is required, it is denied.

## COLLECTIVE ACTION ALLEGATIONS

59.     Defendant admits only that Plaintiff appears desirous to bring a collective action under the Fair Labor Standards Act.  Defendant denies that collective action certification is appropriate in this civil action.  Defendant denies the remaining allegations in Paragraph 59 of the First Amended Collective Action Complaint.

60.     The allegation in Paragraph 60 of the First Amended Collective Action Complaint set forth a legal conclusion rather than facts, and therefore does not require a response admitting or denying it.  To the extent a response to the allegation in Paragraph 60 is required, it is denied.

61.     Defendant denies the allegations in Paragraph 61 of the First Amended Collective Action Complaint.

62.     Defendant denies the allegations in Paragraph 62 of the First Amended Collective Action Complaint.

## FIRST CLAIM FOR RELIEF

## FAIR LABOR STANDARDS ACT MINIMUM WAGE VIOLATIONS
### (On Behalf of the Nationwide Collective Class)

63.     Defendant restates its responses to the allegations in Paragraphs 1-62 of the First Amended Collective Action Complaint as if fully set forth.

64.     Defendant admits the allegations of Paragraph 64 of the First Amended Collective Action Complaint.

65.     Defendant denies the allegations of Paragraph 65 of the First Amended Collective Action Complaint.

66.     Defendant denies the allegations of Paragraph 66 of the First Amended Collective Action Complaint.

67.     Defendant admits only that it classifies the dancers who perform for it as independent contractors.  Defendant denies the remaining allegations of Paragraph 67 of the First Amended Collective Action Complaint.

68.     Defendant denies the allegations of Paragraph 68 of the First Amended Collective Action Complaint.

69.     Defendant denies the allegations of Paragraph 69 of the First Amended Collective Action Complaint.

70.    Defendant denies the allegations of Paragraph 70 of the First Amended Collective Action Complaint.

## SECOND CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT OVERTIME WAGE VIOLATIONS
### (On Behalf of the Natiowide Collective Class)

71.    Defendant restates its responses to the allegations in Paragraphs 1-70 of the First Amended Collective Action Complaint as if fully set forth.

72.    Defendant admits the allegations of Paragraph 72 of the First Amended Collective Action Complaint.

73.    Defendant denies the allegations of Paragraph 73 of the First Amended Collective Action Complaint.

74.    Defendant denies the allegations of Paragraph 74 of the First Amended Collective Action Complaint.

75.    Defendant admits only that it classifies the dancers who perform for it as independent contractors, and as a result it was not required to pay Plaintiff overtime wages even if she worked in excess of 40 hours in any give workweek. Defendant denies the remaining allegations of Paragraph 75 of the First Amended Collective Action Complaint.

76.    Defendant denies the allegations of Paragraph 76 of the First Amended Collective Action Complaint.

77.     Defendant denies the allegations of Paragraph 77 of the First Amended Collective Action Complaint.

## PRAYER FOR RELIEF

78.     Defendant denies the allegations contained in the section of the Collective Action Complaint denominated "Prayer for Relief" including Sections "A" – "H" which follow Plaintiff's Prayer for Relief.

79.     Defendant denies all allegations in the Collective Action Complaint not specifically admitted herein.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays that it be dismissed with prejudice and that all costs be taxed on the Plaintiff.

## COUNTERCLAIMS

Defendant/Counter-Plaintiff, TROP, INC. d/b/a PINK PONY ATLANTA ("Pink Pony"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 15, sues Plaintiff/Counter-Defendant, ALYSSA HANSON, as well as all other persons who join this litigation as Plaintiffs (collectively, "Counter-Defendants") and states as follows:

### General Allegations

1.     Defendant/Counter-Plaintiff, Pink Pony, is a Georgia corporation with its principle place of business in Atlanta, DeKalb County, Georgia and is authorized to do business in Georgia.

2.     The Plaintiff/Counter-Defendant, Alyssa Hanson, and all persons similarly situated, consented to personal jurisdiction in Georgia by filing the Complaint, or otherwise joining in this litigation.  Additionally, upon information and belief, Plaintiff(s)/Counter-Defendant(s) is a Georgia resident.

3.     This Court has supplemental jurisdiction over the subject matter of this Counterclaim pursuant to 28 U.S.C. §1367.

4.     Venue is proper in the United States District Court for the Northern District of Georgia because, *inter alia*, Counter-Defendant resides in the Northern District of Georgia, a substantial part of the events or omissions giving rise to the Counterclaim occurred the Northern District of Georgia, and because Counter-Plaintiff have submitted to venue in the Northern District of Georgia by filing the Complaint in the Northern District of Georgia.

5.     Counter-Defendant is an entertainer who works as an independent contractor in in the club known as "The Pink Pony" (the "Club").

6.     Pursuant to Pink Pony's policy, it was the responsibility of each of its entertainers, including Counter-Defendant, to accurately reflect the hours during which she was present in the Club by signing in and signing out on forms provided by the Club.

7.     To the extent Counter-Defendant(s) worked as often as she claims to have worked, or worked for as many hours as she claims to have worked, then she

often failed to properly fill out the sign in/sign out sheet, and a result, have made it impossible to determine precisely her arrival times and/or departure times from the Club.

8.      Prior to performing at the Club, the Counter-Defendant(s) represented to Pink Pony that she was: (a) an independent contractor; (b) an artist skilled in the discipline of dance; (c) agreed to perform entertainer services on the Club's premises as an independent contract; and (d) agreed to provide at her own expense all costumes, beauty aids and all other items necessary to perform her independent contractor services.

9.      Pink Pony paid Counter-Defendant(s) a substantial sum of money based on the understanding and agreement that Counter-Defendant was an independent contractor.  Specifically, Pink Pony permitted Counter-Defendant(s) to retain (or to receive) certain service charges which Pink Pony charged to its customers in connection with the entertainment services that Counter-Defendant(s) provided to Pink Pony's customers, less certain deductions.

10.     During the three years prior to filing the Complaint in this litigation, Pink Pony's minimum service charges were, among others:

>    a. $10 per table-side dance on the floor of the club;
>
>    b. $150 per 30 minutes of dancing in a VIP area of club;
>
>    c. $300 per 60 minutes of dancing in VIP area of club;

d.  Any amounts paid in excess of these minimums are considered tips paid to the entertainers by the customers.

11.  The Counter-Defendant(s) has repudiated her promises, agreements, representations and understanding concerning her relation to Pink Pony and the compensation arrangement reached between them.

12.  Counter-Defendant(s) may not properly demand hourly compensation from Pink Pony and, in addition, retain the service charges imposed by Pink Pony on its customers which Counter-Defendant(s) accepted and kept in lieu of hourly compensation from Pink Pony.

13.  If Counter-Defendant(s) prevail on the claims set forth in her Complaint, Pink Pony is entitled to recover from Counter-Defendant(s) the difference between the total amount of service charges which the Counter-Defendant(s) retained or accepted and the minimum wage times the number of hours that each particular Counter-Defendant performed at Pink Pony.

14.  Permitting the Counter-Defendant(s) to retain service charges belonging to Pink Pony while they assert their entitlement to additional wages in contravention of their agreements with Pink Pony would unjustly enrich Counter-Defendant and reward their breaches of contract.

## Count I (Money Had and Received)

15.     Pink Pony re-alleges paragraphs 1-14 above as though fully set forth herein.

16.     This is a claim for money had and received.

17.     If Counter-Defendant(s) is successful with any of the claims set forth in her Complaint against Pink Pony, Pink Pony will have paid money to Counter-Defendants (or Counter-Defendants will have collected and retained service fees paid by Pink Pony's customers) based on fraud, misrepresentation, mistake, or as a result of some other grounds appropriate for intervention by a court of equity.   Specifically, Counter-Defendants received compensation and benefits from Pink Pony that should not have been paid if Counter-Defendant(s) is able to avoid the Independent Contractor Agreements.

18.     To permit Counter-Defendant(s) to keep Pink Pony's money received pursuant to the independent contractor arrangement, while Counter-Defendant(s) disavows the independent contractor relationship, and seek payment pursuant to an employer-employee relationship, would unjustly deprive Pink Pony of its ownership of the service charge money.

WHEREFORE, Counter-Plaintiff, TROP, INC., demands judgment against Counter-Defendant, ALYSSA HANSON, as well as all other persons who join this litigation as Plaintiffs for restitution and/or disgorgement, compensatory damages,

pre-judgment interest, costs, and all other relief which the Court deems just and equitable.

## Count II (Unjust Enrichment)

19.     Pink Pony re-alleges paragraphs 1-18 above as though fully set forth herein.

20.     This is claim for unjust enrichment.

21.     Pink Pony conferred a benefit on Counter-Defendant(s), namely allowing Counter-Defendant(s) to retain service charges from Pink Pony's customers.

22.     Counter-Defendant(s) had knowledge of the benefit conferred by Pink Pony.

23.     Counter-Defendant(s) accepted and obtained the value of the benefit conferred by Pink Pony (service charges from Pink Pony's customers).

24.     If Counter-Defendant(s) prevails on any of the claims set forth in the Complaint, and the independent contractor relationship between the parties is not enforced, Pink Pony will have no adequate remedy at law and the circumstances are such that it would be inequitable to allow Counter-Defendant(s) to retain the value of the benefit conferred by Pink Pony without paying for it.

WHEREFORE, Counter-Plaintiff, TROP INC., demands judgment against Counter-Defendant, ALYSSA HANSON, as well as all other persons who join this

litigation as Plaintiffs, for restitution and/or disgorgement, compensatory damages, pre-judgment interest, costs, and all other relief which the Court deems just and equitable.

### Count III (Breach of Contract)

25.    Pink Pony re-alleges paragraphs 1-24 above as though fully set forth herein.

26.    This is a claim for breach of contract.

27.    The Counter-Defendant(s) entered into independent contractor agreements (collectively, the "Independent Contractor Agreements").   True and accurate copies of the Independent Contractor Agreement(s) are attached hereto as **Exhibit A.**

28.    The Independent Contractor Agreement is an enforceable contract.

29.    Counter-Defendant(s) agreed that the sole compensation for her services would be that which she received from Pink Pony's customers in the form of gratuities.

30.    Counter-Defendant(s) acknowledged that she would be responsible for reporting all amounts earned on her own individual tax returns, and that she was being treated as an independent contractor for income tax purposes.

31.    Counter-Defendant(s) has materially breached her Independent Contractor Agreement(s) with Pink Pony.

32.    As a proximate cause of Counter-Defendant's breach(es) of the Independent Contractor Agreement(s), Pink Pony has suffered damages, namely, allowing Counter-Defendant(s) to keep service charges collected from Pink Pony's customers.

40.    Pink Pony is entitled to recover damages from the Counter-Defendant(s) in an amount to be determined at trial, including without limitation, the service charges which Counter-Defendant(s) kept and did not remit to Pink Pony.

WHEREFORE, Counter-Plaintiff, TROP, INC., demands judgment against Counter-Defendant, ALYSSA HANSON, as well as all other persons who join this litigation as Plaintiffs, for compensatory damages, reasonable attorney's fees, pre-judgment interest, costs, and all other relief which the Court deems just and equitable.

### DEFENDANT DEMANDS A TRIAL BY JURY

This 23rd day of July, 2014.

Respectfully submitted,
*/s/ Wm. Scott Schulten*
WM. SCOTT SCHULTEN
Georgia Bar No. 630272
wss@swtlaw.com

*/s/ Dean R. Fuchs*
DEAN R. FUCHS
Georgia Bar No. 279170
drf@swtlaw.com

27

Schulten Ward & Turner, LLP
260 Peachtree Street, NW, Suite 2700
Atlanta, GA 30303
(404) 688-6800 telephone
(404) 688-6840 facsimile

Counsel for Defendant Trop, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **ALYSSA HANSON, on behalf of herself and all others similarly situated,** | ) ) | |
| | ) | **Civil Action File No.** |
| **Plaintiff,** | ) | **1:14-CV-01096-AT** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TROP, INC. d/b/a** | ) | |
| **PINK PONY ATLANTA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that this filing complies with the font and font size requirements of this Court and that I have this day served a copy of the within and foregoing **ANSWER AND DEFENSES OF TROP, INC.** by using the court's CM/ECF system to serve the following:

Gary F. Lynch
glynch@carlsonlynch.com

Anthony C. Lake
aclake@gwllawfirm.com

Benjamin J. Sweet
bsweet@carlsonlynch.com

Edwin J. Kilpela, Jr.
ekilpela@carlsonlynch.com

William Grant Cromwell
Cromwell_law@bellsouth.net

Thomas A. Withers
twithers@gwllawfirm.com

This 23rd day of July, 2014.

*/s/ Dean R. Fuchs*
DEAN R. FUCHS
Counsel for Defendant
Trop, Inc.