<u>Exhibit A</u>

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between ALYSSA HANSON ("Plaintiff") and Defendant TROP, INC. d/b/a Pink Pony Atlanta ("Defendant"). Defendant and Plaintiff (collectively the "Settling Parties") do hereby agree to do all things necessary and appropriate to obtain approval of this Agreement in consideration for: (a) payment by Defendant of the consideration expressed herein subject to the terms, conditions, and limitations of this Agreement; (b) the release and dismissal with prejudice of all claims by the Plaintiff; (c) the release and dismissal with prejudice of all claims of failure to pay compensation for work performed by the Plaintiff; and (d) other valuable monetary and non-monetary consideration as set forth herein.

### I. COVENANTS AND DISCLOSURES

**A.     Covenant to Cooperate:**  The Settling Parties shall cooperate with each other to prepare and file a mutually-agreeable consent motion seeking the court's approval of this Agreement within 10 business days of the final execution of this Agreement by the Settling Parties.

**B.     Disclosure as to Adequacy and Fairness of Settlement:**  Prior to reaching this Agreement, counsel for the Settling Parties calculated the Plaintiff's alleged damages for back wages and liquidated damages based upon relevant available information, as well as information exchanged between the Settling Parties during discovery, and based on the Settling Parties' informed estimates and knowledge of the matters at hand. The Settling Parties and their respective counsel believe that this Agreement constitutes a fair and reasonable compromise of disputed claims and enter into this Agreement voluntarily and knowingly after analyzing the risks and costs associated with continued litigation and their likelihood of success on the merits and negotiating its material terms at arms-length between counsel for the Settling Parties. The payment(s) to Plaintiff as set forth in this Agreement constitutes valid consideration for her return promises,

releases, and obligations provided in this Agreement. Plaintiff acknowledges that, with the payment(s) stated in this Agreement, she has been fully compensated by Defendant for all unpaid wages, including unpaid overtime wages, fees, liquidated damages, attorney's fees and any other damages allegedly owed by Defendant, and that no other form of compensation or other damage of any kind is owed to her by Defendant. Plaintiff further acknowledges that she is receiving adequate consideration for her full release of claims in this Agreement and that such consideration, but for this Agreement, would not otherwise be owed to her. In reaching this Agreement, Plaintiff acknowledges and appreciates the expense and length of proceedings necessary to prosecute this matter through trial and appeals, has taken into account the uncertain outcome and risk of litigation, as well as the difficulties, delays, and risks of collection inherent in such litigation. The Settling Parties believe that this Agreement confers substantial benefits upon the Plaintiff.

**C.    No Re-Application/Re-Employment:** Settling Parties agree that Plaintiff is deemed by the Settling Parties to have voluntarily abandoned her position as a performer at Defendant, and that she agrees to neither re-apply, nor seek re-employment with Defendant, or any of its affiliated night clubs[1] at any time in the future.

## II. SETTLEMENT APPROVAL PROCEDURE

This Agreement will become final and effective upon occurrence of all of the following events:

**A.**    Full execution of the Agreement by the Settling Parties;

**B.**    Submission of this Agreement to the Court for approval by means of a Consent Motion for Settlement Approval;

**C.**    Entry of an Order by the Court granting approval of this Agreement;

---

[1]    By "Affiliated night clubs" the parties refer to: The Pink Pony (Atlanta), Club Onyx (Atlanta), GoldRush Showbar (Atlanta, Georgia), Crazy Horse Gentlemen's Club (Forest Park, Georgia), Cheetah's (Las Vegas) and Masters Gentlemen's Club (Myrtle Beach, South Carolina).

D. Delivery from Defendant to Plaintiff settlement proceeds in amounts set forth below:

| | |
|---|---|
| Alyssa Hanson (back-pay) | $ 6,660.00 |
| Alyssa Hanson (liquidated damages) | $ 6,660.00 |
| Carlson Lynch Sweet Kilpela, LLP (fees/expenses) | $ 6,680.00 |
| **Gross settlement amount:** | **$20,000.00** |

1. One-half (1/2) of the gross settlement amount identified immediately above shall be payable by Defendant to Plaintiff and her counsel payable within seven (7) business days of the date the Court approves this proposed settlement agreement, or on July 5, 2016, whichever date is later. The remainder of the gross settlement amount shall be payable in two (2) equal installments, the first being payable 30 calendar days after the first payment, and the second being payable 60 calendar days after the first payment.

2. In the event Defendant does not make its scheduled payments as described above and do not cure the deficiency within 10 days of Defendant's counsel receiving written notice of the deficiency from Plaintiff's counsel, Defendant shall be in default and all amounts then due and owing pursuant to this Agreement shall be accelerated regardless of the payment schedule.

3. All payments shall be sent to the attention of Plaintiff's counsel at the following address: Carlson Lynch Sweet & Kilpela, LLP, 1133 Penn Avenue, 5th Floor, Pittsburgh, PA 15222, Attn: Jamisen A. Etzel.

4. A Form 1099 shall be issued by Trop, Inc. to Plaintiff's Counsel, Carlson Lynch Sweet & Kilpela, LLP, whose federal tax I.D. number will be supplied by Carlson Lynch Sweet & Kilpela, LLP, to Defendant for the above-referenced payment to Carlson Lynch Sweet & Kilpela, LLP. Trop, Inc. shall issue a Form 1099 indicating income in Box 3 to the Plaintiff for the settlements payments made payable to her pursuant to this Agreement. Prior to the delivery

3

of any settlement proceeds, Plaintiff, and Plaintiff's Counsel, each agree to complete and return to Defendant's Counsel an IRS Form W-9 which includes their federal tax I.D. number on it.

  **E.** Within three (3) days of the date of the last payment made by Defendant hereunder, Plaintiff's Counsel will cause to be filed with the Court a Stipulation of Dismissal with Prejudice of the civil action it filed (Case No. 1:14-CV-1096-AT) on behalf of the Plaintiff and against Trop, Inc.

### III. EFFECT OF NON-APPROVAL

In the event that any of the conditions specified in Section II of this Agreement are not satisfied, or in the event that this Agreement does not obtain approval of the Court for any reason, all matters covered by this Agreement shall be null and void. In such event, nothing in this Agreement shall be used or construed by or against any party as a determination, admission, or concession of any issue of law or fact in the litigation; and the Settling Parties do not waive, and instead expressly reserve, their respective rights with respect to the prosecution and defense of the litigation as if this Agreement never existed.

### IV. RELEASE BY PLAINTIFF

  **A.** In exchange for the considerations recited in this Agreement, Plaintiff hereby agrees to dismiss with prejudice the civil action filed by Plaintiff's counsel and not to re-file the same and to forever release, acquit, discharge, and covenant not to sue Trop, Inc., Teri Galardi, Dennis Williams, Mike Kap, the JEG Family Trust, and all of their past, present, and future divisions, affiliates, predecessors, successors, shareholders, officers, directors, employees, agents, attorneys, trustees, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries and privies (collectively, "PINK PONY") for: (a) the alleged failure to pay for work performed during Plaintiff's employment with Defendant; (b) the alleged violation of the FLSA or any state wage and hour law arising from the Plaintiff's

employment with Defendant; and (c) all claims which have been brought against Defendant in the matter of *Alyssa Hanson, et al. v. Trop, Inc. d/b/a Pink Pony, Atlanta*, U.S. District Court, N.D. Georgia, Atlanta Division, Civil Action File No. 1:14-CV-1096-AT.

**B.** In addition, Plaintiff hereby agrees to waive all other claims against PINK PONY, and (unless required to enforce this Agreement) promise not to sue PINK PONY for any claims arising out of Plaintiff's employment with Defendant and/or termination therefrom. Specifically, and without limiting the generality of the foregoing, Plaintiff, for herself and her heirs and estate, fully release PINK PONY from any and all claims, liabilities, promises, contracts, suits, costs, expenses and attorneys' fees which have been or could have been asserted by her or on her behalf in any forum for circumstances arising prior to the date of this Agreement. This release includes without limitation any and all claims, including claims of discrimination, retaliation and harassment on the basis of race, color, religion, sex, national origin, handicap, disability, age or ancestry, and claims based on a theory of contract, promissory estoppel, personal or bodily injury, defamation, loss of consortium, distress, humiliation, loss of standing and prestige, retaliation, public policy or any other tort. This release specifically includes a release of all claims which could be asserted under any law or court decisions of the state of Georgia or any other state, and any other federal, state, city, or local statute, ordinance, or regulation. This release includes, without limitation, any and all claims, whether legal, equitable, compensatory, liquidated, punitive, or in the form of attorneys' fees, expenses, or costs.

## V. RELEASE BY TROP, INC.

**A.** In exchange for the considerations recited in this Agreement, Defendant hereby agrees to dismiss with prejudice all counterclaims filed by Defendant and not to re-file the same and to forever release, acquit, discharge, and covenant not to sue Plaintiff and all of her agents, attorneys, trustees, representatives, administrators, fiduciaries, assigns, subrogees, executors,

partners, parents, and privies (collectively, "HANSON") for (a) any moneys allegedly owed to Trop, Inc. and (b) all claims which have been brought against Plaintiff in the matter of *Alyssa Hanson, et al. v. Trop, Inc. d/b/a Pink Pony, Atlanta*, U.S. District Court, N.D. Georgia, Atlanta Division, Civil Action File No. 1:14-CV-1096-AT.

B.   This release includes, without limitation, any and all claims, whether legal, equitable, compensatory, liquidated, punitive, or in the form of attorneys' fees, expenses, or costs.

## VI. REPRESENTATION BY COUNSEL

All of the Settling Parties acknowledge that they have been represented by counsel throughout all negotiations which preceded the execution of this Agreement and that this Agreement has been executed following receiving advice from their respective counsel.

## VII. NO ADMISSION OF LIABILITY

The Settling Parties acknowledge and agree that liability for the actions which are the subject matter of this Agreement is disputed by the Settling Parties. This Agreement and the settlement are a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Settling Parties to this Agreement. The Settling Parties further acknowledge and agree that this Agreement and the settlement shall not be used to suggest an admission of liability in any dispute the Settling Parties may have now or in the future with respect to any person or entity. Neither this Agreement nor anything herein, nor any part of the negotiations had in connection herewith, shall constitute evidence with respect to any issue or dispute, and therefore shall not be admissible for any purpose in any other proceeding, except to enforce this Agreement.

## VIII. ATTORNEYS' FEES, COSTS, AND EXPENSES

The amounts to be paid by Defendant as set forth above fully satisfy any and all claims for attorneys' fees, costs, and expenses, including any related litigation expenses, of the Plaintiff.

These amounts were negotiated by the Settling Parties after the Settling Parties had reached agreement on the value of Plaintiff's back wages and liquidated damages to be paid under this Agreement.

Defendant has no responsibility for any other or additional fees, costs, or expenses of the Plaintiff, who shall bear responsibility for their own attorneys' fees, costs, and expenses, taxable or otherwise, incurred by them or arising out of this litigation and shall not seek reimbursement thereof from any party to this Agreement. Defendant shall also bear its own costs and attorneys' fees.

## IX. NON-DISCLOSURE/PUBLICIZATION

The Settling Parties agree that, other than may be necessary to obtain the Court's approval of this Agreement, neither they nor their respective counsel will publish or disclose through public statements (written or oral) the underlying allegations that led up to the settlement evidenced by this Agreement, nor will they disclose the terms or amount of the settlement in this Agreement, to anyone other than their attorneys or other confidential professional advisors and, even as to such persons, only if they agree to honor this non-disclosure provision. In the event anyone inquires about the claims or the underlying allegations that led up to the settlement evidenced by this Agreement, the Parties may communicate only, that "the matter has been resolved" or may make similarly limited statements. Plaintiff's counsel agrees that they will not publish the terms of this Agreement on their website or in any third-party publication. This subsection does not prohibit disclosures to the extent necessary legally to enforce this Agreement or to the extent required by law. The Parties further acknowledge and agree that the non-disclosure provision stated herein is a material term of this Agreement and constitutes consideration of the Agreement. Plaintiff further acknowledges and agrees that Defendant would be irreparably harmed if Plaintiff breached this Paragraph.

## X. NO TRANSFER OR ASSIGNMENT OF CLAIMS

Plaintiff represents and warrants that she has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim or the proceeds of any settlement payments under this Agreement. Plaintiff further warrants that there is nothing that would prohibit her from entering into this Agreement.

## XI. PAYMENT OF APPLICABLE TAXES

Plaintiff is and shall be solely responsible for all federal, state and local taxes that may be owed by Plaintiff by virtue of the receipt of any portion of the monetary payment provided under this Agreement. Plaintiff agrees to indemnify and hold Defendant harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to Plaintiff or her attorney under this Agreement.

## XII. AUTHORITY AND REPRESENTATIONS OF PLAINTIFF'S COUNSEL

Plaintiff's Counsel warrants and represents that they are expressly authorized by Plaintiff to take all appropriate action required or permitted to be taken pursuant to this Agreement in order to effectuate its terms.

## XIII. MODIFICATION OF AGREEMENT

This Agreement may not be modified or amended except in writing, signed by the respective counsel of record for the Settling Parties and as approved by the Court.

## XIV. FURTHER COOPERATION

The Settling Parties and their respective attorneys shall proceed diligently to prepare and execute all documents to seek the necessary Court approval, and to do all things reasonably necessary to consummate the Agreement and settlement as expeditiously as possible.

## XV. CONSTRUCTION AND INTERPRETATION

This Agreement constitutes the entire agreement between the Settling Parties. Except as expressly provided herein, this Agreement has not been executed in reliance upon any other oral or written representations or terms, and no such extrinsic oral or written representations or terms shall modify, vary, or contradict their terms. In entering into this Agreement, the Settling Parties agree that this Agreement is to be construed according to its terms and may not be varied or contradicted by extrinsic evidence. This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement and/or the written memorandum of understanding, or any specific term or condition thereof. Georgia law shall govern the construction and interpretation of this Agreement.

## XVI. COUNTERPARTS

This Agreement, any amendments or modifications to it, and any other documents required or contemplated to be executed in order to consummate this Agreement, may be executed in one or more counterparts, each of which shall be deemed an original of this Agreement. All counterparts of any such document together shall constitute one and the same instrument.

## XVII. BINDING EFFECTS

This Agreement is binding upon and shall inure to the benefit of the Settling Parties to this Agreement, as well as their respective attorneys, and past, present, and future divisions, predecessors, successors, shareholders, officers, directors, employees, agents, trustee, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries, and privies. Without limiting the foregoing, this Agreement specifically shall be binding upon the spouses, children, heirs, assigns, successors and offspring of the Plaintiff.

**AGREED AND ACCEPTED BY:**

**For Plaintiff:**

Dated: 4/8/16                         _____
                                       ALYSSA HANSON

**AND**

**For Defendant:**                     **TROP, INC.**

Dated: _____          _____
                                       (Name)

                                       _____
                                       (Title)

## XVII. BINDING EFFECTS

This Agreement is binding upon and shall inure to the benefit of the Settling Parties to this Agreement, as well as their respective attorneys, and past, present, and future divisions, predecessors, successors, shareholders, officers, directors, employees, agents, trustee, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries, and privies. Without limiting the foregoing, this Agreement specifically shall be binding upon the spouses, children, heirs, assigns, successors and offspring of the Plaintiff.

**AGREED AND ACCEPTED BY:**

    **For Plaintiff:**

    Dated: _____

    _____
    ALYSSA HANSON

**AND**

    **For Defendant:**    TROP, INC.

    Dated: 4-19-16

    *[signature]*
    (Name)

    president
    (Title)